**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>Karen Lynne Tollefson,<br><br>Debtor. | Bankruptcy Case No. 13-24681 TBM<br>Chapter 11 |

**ORDER ON MOTION TO COMPEL**

The matter before the Court is a discovery dispute. Applicant, Allen & Vellone, P.C. ("Allen & Vellone"), filed a "Motion to Compel Citywide Banks' Responses to Discovery and for Sanctions Pursuant to Fed. R. Civ. P. 37(a)(5)(A)" (the "Motion to Compel," Docket No. 298). Objector, Citywide Banks, filed a "Response to Motion to Compel" (the "Response") opposing the Motion to Compel. (Docket No. 304.) The Court conducted a non-evidentiary hearing on April 10, 2015 and took the issue under advisement. The matter is now ripe for decision.

          A.      <u>Factual and Procedural Background</u>.

1.      <u>The Bankruptcy Case and Employment of Allen & Vellone</u>.

Debtor, Karen L. Tollefson (the "Debtor"), filed a petition for relief under Chapter 11 of the Bankruptcy Code on August 27, 2013. The Debtor sought to retain the law firm of Allen & Vellone as legal counsel.

The Court approved the limited engagement of Allen & Vellone for "the specific purpose of 'investigating and developing potential claims against Citywide Banks.'"[1] Subsequently, the role of Allen & Vellone was expanded. The Court authorized the Debtor to engage Allen & Vellone for the following additional purposes: "(a) representing the Debtor in connection with the objection… filed by Citywide Banks…; (b) representing the Debtor in connection with any adversary actions filed by Citywide Banks…; (c) filing and prosecuting adversary actions against Citywide Banks; (d) representing the Debtor in connection with any Rule 2004 Examination of the Debtor…; and (e) representing the Debtor in connection with Rule 2004 Examination of Citywide Banks."[2] Later, upon the Debtor's request for further expansion of Allen & Vellone's role, the Court approved Allen & Vellone's retention "as counsel for the Debtor under 11 U.S.C. § 327(a)."[3]

---

[1]     See "Order Approving Employment of Allen & Vellone, P.C. as Special Counsel to Debtor-in-Possession" (Docket No. 72).
[2]     See "Order Granting Motion to Expand the Scope of Employment of Allen & Vellone, P.C." (Docket No. 83).
[3]     See "Order Granting Ex Parte Application to Employ Allen & Vellone, P.C. as Attorney for Debtor-in-Possession Pursuant to 11 U.S.C. § 327(a)" (Docket No. 187).

1

On November 24, 2014, the Court dismissed this Chapter 11 case but retained "jurisdiction to consider final fee applications to be filed by professionals employed in this case…."[4]

2.  The Fee Application and Fee Objection.

Subsequently, Allen & Vellone submitted its "Amended First and Final Fee Application for Allowance of Compensation and Reimbursement of Expenses of Allen & Vellone, P.C. as Special Counsel for Karen L. Tollefson" (the "Fee Application," Docket No. 278). In the Fee Application, Allen & Vellone requested an award of $73,409.50 in fees and $6,240.58 in expenses for legal work performed from September 10, 2013 to November 24, 2014.

Citywide Banks objected to the Fee Application (the "Fee Objection").[5] In the Fee Objection, Citywide Banks argued that the Fee Application should be denied for the following reasons:

- Allen & Vellone had little or no role in influencing, negotiating or drafting the settlement agreement with Citywide Banks. Fee Objection ¶¶ 1, 3, 4 and 6. Instead Citywide Banks asserted that Jeff Weinman and Tom Connolly (not Allen & Vellone) were responsible for the settlement agreement with Citywide Banks and related collateral dispositions. *Id.*

- Allen & Vellone never developed any viable lender liability claims against Citywide Banks (and, as a result, Allen & Vellone did not cause Citywide Banks to pay anything to anyone). *Id.* ¶¶ 10-11.

- Allen & Vellone did not do any work that benefited the Estate. *Id.* ¶ 12.

- Allen & Vellone's "fees and billing timekeepers were excessive." *Id.* ¶ 13.

In addition to these arguments against the Fee Application, Citywide Banks also took issue with some of the characterizations contained in the Fee Application. For example Citywide Banks asserted that its "non-dischargeability claims against the Debtor had merit and the Debtor's threat of 'lender liability' claims did not." *Id.* ¶ 1; *see also Id*. ¶¶ 8-9.

3.  The Discovery Request.

Given that both Allen & Vellone and Citywide Banks characterized the other as especially "aggressive," it is perhaps not completely surprising that Allen & Vellone took the highly unusual tack of seeking discovery to prosecute the Fee Application and defend against the Fee Objection. Allen & Vellone served a "Request for Production of Documents" (the "Discovery Request") on Citywide Banks. (Docket No. 294.)

Through the Discovery Request, Allen & Vellone sought essentially two types of information: (1) all billing records of Citywide Bank's legal counsel (Snell & Wilmer L.L.P.);

---

[4] *See* "Order Dismissing Chapter 11 Bankruptcy Case" (Docket No. 270).
[5] *See* Docket No. 282. Another party in interest, United Fire & Casualty Company, also objected to the Fee Application. (Docket No. 281.) However, Allen & Vellone and the objector apparently reached an agreement which resulted in withdrawal of the objection. (Docket Nos. 295 and 296.) Thus, the objection of United Fire & Casualty Company is not before the Court.

and (2) records of communications between Citywide Banks (and its counsel) and Tom Connolly and Jeff Weinman.

Request No. 1 stated:

> Produce billing or other records evidencing all amounts You paid to Snell & Wilmer, LLP between August 27, 2013 and November 24, 2014 in connection with any matter in any way related to the following: (a) the above-captioned bankruptcy case….

Thus, Allen & Vellone sought all billing and other records of Citywide Bank's legal counsel related in any way to this bankruptcy case.[6]

But Request No. 1 did not end there. Allen & Vellone also sought all billing and other records related in any way to various motions and briefs in *other bankruptcy cases* including: *In re DKR Land Development Enterprises, LLC*, Case No. 13-22419-ABC (Bankr. D. Colo.) and *In re The Urban Farmer, Inc.*, Case No. 13-22417-ABC (Bankr. D. Colo.). Allen & Vellone contends that these other cases are also related to this bankruptcy proceeding.

Request No. 2 stated: "Produce all communications between You and/or Your attorneys and Tom Connolly for the period between August 27, 2013 and November 24, 2014 relating to any discussions/negotiations of any settlement with Tollefson." Request No. 3 posed the same demand, but with respect to communication with Jeffrey Weinman, Allen & Vellone's co-counsel in representation of the Debtor.

4. The Discovery Objection.

Predictably, Citywide Banks objected to the Discovery Request (the "Discovery Objection," Docket No. 298).

With respect to Request No. 1, Citywide Banks asserted that all of its billing records were privileged under the attorney-client privilege. Further, Citywide Banks included the typical mantra: "The Bank also objects… as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." Putting relevance at issue, the Bank suggested that the billing records of its legal counsel have "no bearing on the nature, quality, or compensability of A&V's services."

With respect to both Request Nos. 2 and 3, Citywide Banks again objected to the discovery as "overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." Citywide Banks also contended that the requested communications have "no bearing on the nature, quality, or compensability of A&V's services."

Citywide Banks did not produce any responsive documents to Allen & Vellone. Notably, Citywide Banks also did not produce a privilege log supporting its assertion of the attorney-client privilege. Furthermore, in connection with its characterization of the Discovery Request as "overbroad [and] unduly burdensome," Citywide Banks failed to provide any particularized

---

[6] Allen & Vellone also clarified that Request No. 1 extended to "Adversary No. 13-1668-ABC filed in the above-captioned case" and the "settlement agreement with Tollefson." These matters appear to be covered by the more fulsome request for all billing records related in any way to this bankruptcy case.

showing of burdensomeness or any analysis regarding the allegedly improper breadth of the Discovery Request.

5. <u>The Motion to Compel and Response</u>

Thereafter, Allen & Vellone filed the Motion to Compel. Citywide Banks filed its Response in opposition. As a result of the discovery dispute, the Court vacated the evidentiary hearing previously scheduled on the Fee Application and Fee Objection.

B. <u>Jurisdiction</u>.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (O) and 11 U.S.C. § 330.

C. <u>Legal Analysis and Conclusions of Law</u>.

1. <u>The Fee Applicant Bears the Burden to Establish the Reasonableness of its Fees and Costs Under Section 330(a)(3) and the *Johnson* Factors</u>.

The matter currently before the Court concerns only discovery — not the ultimate issue of the allowance of the fees and costs contained in the Fee Application. But, it is important for analysis of the propriety of discovery to consider what the parties are really fighting about. Under 11 U.S.C. § 330(a)(1), the Court may award Allen & Vellone "reasonable compensation for actual, necessary services… and reimbursement for actual, necessary expenses." The burden is on the party requesting fees and costs "to establish that its request is reasonable." *Market Center East Retail Property, Inc. v. Lurie (In re Market Center East Retail Property, Inc.)*, 730 F.3d 1239, 1246 (10th Cir. 2013). The Court has an independent duty to determine the reasonableness of requested fees and costs. *Id*. at 1245.

The standards for assessing the reasonableness of the amounts requested in a fee application are set by statute and binding appellate precedent. 11 U.S.C. § 330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded…, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

4

  (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

  (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

In this jurisdiction, the "the adjusted lodestar approach is used to calculate reasonable attorney's fees." *Market Center*, 730 F.3d at 1246. The lodestar approach requires consideration of the Section 330(a)(3) factors plus the so-called "*Johnson* factors." *Id*. The twelve *Johnson* factors are:

  (1)  The time and labor required;

  (2)  The novelty and difficulty of the questions;

  (3)  The skill requisite to perform the legal service properly;

  (4)  The preclusion of other employment by the attorney due to acceptance of the case;

  (5)  The customary fee;

  (6)  Whether the fee is fixed or contingent;

  (7)  Time limitations imposed by the client or the circumstances;

  (8)  The amount involved and the results obtained;

  (9)  The experience, reputation, and ability of the attorneys;

  (10)  The "undesirability" of the case;

  (11)  The nature and length of the professional relationship with the client; and

  (12)  Awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Tenth Circuit repeatedly has confirmed that bankruptcy judges must consider both the Section 330(a)(3) and *Johnson* factors — and only those factors — in evaluating the reasonableness of bankruptcy fee applications. *Market Center*, 730 F.3d at 1249; *see also First Nat'l Bank of Lea County v. Niccum (In re Permian Anchor Serv., Inc.),* 649 F.2d 763, 768 (10th Cir. 1981)(adopting *Johnson* factors).

Accordingly, Allen & Vellone must show the reasonableness of its own attorneys' fees and costs requested in Fee Application. And any discovery permitted to prosecute the Fee Application and Fee Objection ultimately must be directed toward the Section 330(a)(3) and *Johnson* factors which establish the universe of discovery relevance for fee disputes.

2. <u>The Fee Application and Objection Are "Contested Matters" for which Discovery May Be Available.</u>

The Fee Application and Objection are "contested matters" within the ambit of Fed. R. Bankr. P. 9014. *Flynn v. Eley (In re Colo. Mountain Cellars, Inc.)*, 226 B.R. 244, 246 (D. Colo. 1998); A. Resnick and H. Sommer, 10 *Collier on Bankruptcy* ¶ 9014.01 (Lexis Nexis, 16th ed. 2014)(listing "contested applications for the payment of professional fees" as a type of "contested matter"); *see also Bullard v. Blue Hills Bank*, ___ U.S. ___, 2015 WL 1959040 at *7 (May 4, 2015)("the list of contested matters is 'endless' and covers all sorts of minor disagreements").

Fed. R. Bankr. P. 7026 and 7028-7037 generally apply in contested matters under Fed. R. Bankr. P. 9014. Those Rules, in turn, incorporate most of the federal civil discovery regime. As relevant in this dispute, Fed. R. Bankr. P. 7034 and 9014 together incorporate Fed. R. Civ. P. 34, so that document production discovery generally is available in the context of disputes over the award of professional fees and costs in bankruptcy cases.

However, the general availability of discovery in such circumstances is not absolute. Under Fed. R. Bankr. P. 9014(c), which pointedly includes the caveat *"[u]nless the court orders otherwise,"* the Court has considerable discretion to limit or even preclude civil discovery in "contested matters." This makes abundant practical sense because of the exigencies of many bankruptcy cases and "contested matters." Further, many "contested matters" are minor and may not merit the full panoply of federal discovery techniques. *See, e.g., Bullard*, 2015 WL 1959040 (contested matters include "all sorts of minor disagreements").[7] The special circumstances applicable to "contested matters" in bankruptcy may require special attention and may warrant discovery limitations beyond those typically available in the Federal Rules of Civil Procedure.

3. <u>The Fee Applicant's Attempt to Obtain Discovery of Billing Records from a Fee Application Objector is Unprecedented and Unwarranted</u>.

Notwithstanding many decades of jurisprudence under the Bankruptcy Code, this matter raises a fairly novel question:

> May a professional seeking an award of attorneys' fees and costs under 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016 seek discovery of billing records from the party objecting to the fee application?

---

[7] The Court does not suggest that the Fee Application and Fee Objection are "minor disagreements" — after all, Allen & Vellone requested an award of $73,409.50 in fees and $6,240.58 in expenses. But neither is this disagreement a major disagreement significantly affecting the administration of the bankruptcy estate or distributions to creditors. In fact, this bankruptcy case already has been dismissed.

Neither Allen & Vellone nor Citywide Banks have been able to provide this Court with any case law precedent directly considering the foregoing bankruptcy issue. The Court also failed to locate any direct authority on the question.

      a.      The Billing Records Discovery Is Not Relevant.

Citywide Banks posits that Request No. 1 (which seeks all billing records of Citywide Bank's legal counsel related in any way to this bankruptcy case) is objectionable on lack of relevance grounds.

Generally, the scope of discovery is very broad. Fed. R. Civ. P. 26(b)(1) states:

> Unless otherwise limited by court order… [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Although the Federal Rules of Civil Procedure do not define "relevant information," Federal Rule of Evidence 401 provides the test for relevance: "Evidence is relevant if: (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Again, the scope of discovery is broad. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). But "this desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Id*., quoting *Scales v. J.C. Bradford & Co.,* 925 F.2d 901, 906 (6th Cir. 1991)(affirming denial of discovery by trial court); *see also Burks v. Oklahoma Publishing Co.*, 81 F.3d 975, 981 (10th Cir. 1996)(same and affirming denial of discovery by trial court).

Allen & Vellone argues that the billing records of Citywide Banks' counsel are relevant and discoverable because Citywide Bank objected to the Fee Application stating that "fees and billing time keepers were excessive" and because "most" of Allen & Vellone's fees were incurred because of the "overly litigious actions of Citywide Banks." Motion to Compel ¶¶ 21 and 22. Allen & Vellone does not provide any direct authority supporting the discoverability of opposition billing records in connection with a contested fee application.

However, Allen & Vellone does refer the Court to some tangential precedent which the Court finds distinguishable. *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), is a seminal appellate decision concerning the award of attorney's fees under the Civil Rights Attorney's Fee Award Act, 42 U.S.C. § 1988. The Tenth Circuit confirmed that "… what is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side." *Id*. at 554. But *Ramos* did not involve discovery for a fee application and never suggested that the billing records of opposing counsel were discoverable. Allen & Vellone also offers *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998). That decision, which also

7

involved a request for fees under 42 U.S.C. § 1988, reiterates the "maneuvering of the other side" language of *Ramos*. But again, the discovery of billing records was not at issue. Instead, as in many Section 1988 actions, both sides voluntarily submitted their own fee applications to the court requesting approval. *Id*. at 1284, fn. 8. *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 538 (10th Cir. 2000) also is similar. Both sides put their hours at issue by filing fee applications. *Id.* at 542. The Tenth Circuit did make passing reference to the amount of hours of the other side as being potentially "helpful in determining whether time expended on a case was reasonable…." *Id*. at 543. However, the Court finds that *Shaw* is distinguishable because no discovery was at issue and also because of fundamental differences between standard civil litigation and representation of bankruptcy debtors. Civil litigation generally involves a plaintiff against a defendant in a discrete case. But a bankruptcy proceeding, like this, involves a main case, a myriad of "contested matters" and adversary proceedings all involving numerous other parties in interest. Accordingly, the billing records of just one particular opposing party seem of little moment in assessing the fee application of debtor's bankruptcy counsel.

Allen & Vellone offers only one case in which discovery actually was permitted in connection with a contested fee application (albeit outside of bankruptcy): *Mendez v. Radec Corp.*, 818 F.Supp.2d 667 (W.D.N.Y. 2011). However, in *Mendez,* the fee objector put its own billing records at issue. The court observed that "defendants have not only challenged the reasonableness of the fees sought by plaintiffs, they have also expressly referenced their own fees in support of their arguments." *Id*. at 669. Accordingly, relying on the fact that defense counsel "used their own hours and rates" to oppose the fee application, the *Mendez* court determined that defense counsel's billing records were "relevant and discoverable." *Id*.

This matter is decidedly different than *Mendez*. Notably, nowhere in the Fee Objection does Citywide Banks argue or even suggest that the fees and costs requested by Allen & Vellone are excessive *in comparison to the fees and costs of Citywide Banks*. Citywide Banks never references its own fees and costs as any type of benchmark. At the non-evidentiary hearing in this matter, counsel for Citywide Banks reconfirmed that Citywide Banks' "objections are not based on a comparison of the Bank's fees with Allen & Vellone's fees."

Against the precedent offered by Allen & Vellone, the Court notes that the Tenth Circuit twice has affirmed the denial of discovery on attorney's fee issues outside of bankruptcy. In *Martinez v. Schock Transfer and Warehouse Co., Inc.*, 789 F.2d 848 850 (10th Cir. 1986), the appellate panel agreed with the trial court's conclusion that "discovery on this issue (a fee application) would not be of assistance in resolving the issue…." *Id.* at 850. Similarly, in *Hernandez v. George*, 793 F.2d 264 (10th Cir. 1986), the Tenth Circuit found no abuse of discretion where the trial court denied discovery of the "fees and hours" of opposing counsel as irrelevant in connection with a fee application.

Further, the Court finds very persuasive Chief District Judge Krieger's decision on a similar issue in *Rodriguez v. Wet Inc., LLC*, No. 08-cv-00857, 2014 WL 287339 (D. Colo., Jan. 27, 2014). In *Wet Ink*, the plaintiff requested an award of attorney's fees but the defendant opposed and argued that the hours were "excessive." *Id*. at \* 6. Thereafter, the plaintiff requested that she be permitted to conduct discovery of the fees of defense counsel. Judge Krieger observed:

8

> Underlying [plaintiff's] request is an assumption that what the
> attorney on one side of the case charges is some indicia of what
> would be a reasonable fee for the attorney on the other side of the
> case. This premise is erroneous…. Because there is no reason to
> assume that the parties' relative time expenditures on a case are
> symmetrical, there is little reason to believe that discovery of one's
> opponent's billing records will be necessarily probative of a
> party's own claim that their incurred fees were "reasonable."

*Id*. Judge Krieger denied discovery for lack of relevance.

The Court finds that the request for Citywide Banks' billing records (Request No. 1) does not seek relevant information and is not the proper subject of discovery under Fed. R. Civ. P. 26 and 34 and Fed. R. Bankr. P. 7026, 7034 and 9014. Whether Citywide Banks' counsel billed 0, 5, 10 or 100 hours on a particular task would not have a tendency to make any specific fact in this case more or less probable than it would be without the evidence. For example, if Citywide Banks' lawyers were extraordinarily efficient and billed fewer hours than Allen & Vellone in preparation for a hearing in which both law firms participated, that fact is not probative of whether Allen & Vellone's hours were objectively reasonable. And, of course, vice-versa. The Court also concludes that it would be almost impossible to establish any meaningful "apples-to-apples" comparison between the bills of Allen & Vellone and Citywide Banks, thereby negating any possible relevance. Furthermore, opposition billing records appear irrelevant to the Section 330(a)(3) and *Johnson* factors. Certainly, such factors do not suggest that a billing records comparison is needed. Instead, the focus must be on whether Allen & Vellone can establish that *its requested fees and costs* are reasonable under Section 330 — not whether the fees of one of the other interested parties were reasonable. Finally, the lack of any precedent in the bankruptcy context for seeking discovery against fee applicant objectors also suggests lack of relevance.

      b.      <u>The Billing Records Discovery Is Unnecessary and Unwarranted under Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C) and 9014(c).</u>

Even if the billing records sought by Allen & Vellone in Request No. 1 targeted relevant information, discovery still may be inappropriate. Fed. R. Civ. P. 26(b)(1), which starts with the phrase "[u]nless otherwise limited by court order," allows the Court discretion to limit discovery. And Fed. R. Bankr. P. 9014(c) contains a similar caveat that applies only in bankruptcy "contested matters." Since "contested matters" run the gamut and include even "minor disagreements," bankruptcy courts must be vigilant in balancing the due process protections that discovery sometimes enhances against the need and proportionality of discovery.

Under the Federal Rules of Civil Procedure, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C). That Rule states:

> On motion or on its own, the court must limit the frequency or
> extent of discovery otherwise allowed by these rules or by local
> rules if it determines that… the burden or expense of the proposed
> discovery outweighs its likely benefit, considering the needs of the
> case, the amount in controversy, the parties' resources, the

9

> importance of the issues at stake in the action, and the importance of discovery in resolving the issues.

The Court also heeds the Supreme Court's warning: "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 43, 103 S.Ct. 1933, 1941 (1983).

The Court finds that discovery of the billing records, even if relevant, should not proceed under the circumstances of this case. The burden of the proposed discovery and the potential attorney client privilege issues outweighs any benefit to Allen & Vellone. Further, this matter arises in a dismissed bankruptcy case over a fee application. The needs of the case, the needs of the parties, the amount of the Fee Application, and the lack of importance of any fee award to creditor distributions (because the case is dismissed) all counsel against allowing Request No. 1. Imposing this prudential discovery limitation on Allen & Vellone also is appropriate because Allen & Vellone would not be seriously prejudiced. Allen & Vellone is free to address the Section 330(a)(3) and *Johnson* factors by focusing on the objective reasonableness of its own work.

The Court also is cognizant of the potential adverse consequences in this case and to the bankruptcy system if discovery of billing records were generally permissible by a fee applicant against a fee objector. For example, potential fee objectors might be discouraged from making valid objections out of concern for opening their own billing records to discovery. This would make it more difficult for bankruptcy courts to properly assess fee applications. Perhaps even more importantly, allowing billing records discovery against counsel for opposing parties on fee applications could result in complex collateral litigation which may impede timely administration of bankruptcy cases. And, if such discovery were somehow relevant and permissible, there would seem to be little to stop fee applicants from routinely opening Pandora's box and demanding billing records from all significant opposing creditors as well as United States Trustees, Chapter 13 Trustees, and Chapter 7 Trustees. Request No. 1 is unnecessary and unwarranted.

   c. <u>The Court Need Not Address the Attorney-Client Privilege Issue</u>.

Citywide Banks asserted the attorney-client privilege with respect to all of the billing records sought in Request No. 1. "The burden of establishing the applicability of [the attorney-client] privilege rests on the party seeking to assert it." *In re Grand Jury Subpoena*, 697 F.2d 277, 279 (10th Cir. 1983); *E.E.O.C. v. Outback Steakhouse of Florida, Inc.*, 251 F.R.D. 603, 610 (D. Colo. 2008). "The party must bear the burden as to specific questions or documents, not by making a blanket claim." *Foster v. Hill (In re Foster)*, 188 F.3d 1259, 1265 (10th Cir. 1999).

The Court has concerns regarding Citywide Banks' blanket assertion of the attorney-client privilege in connection with all billing records in this bankruptcy case. In the first place, Citywide Banks has not provided a privilege log nor asserted the privilege on a document-by-document basis as is typically required. *Id.; Horton v. United States*, 204 F.R.D. 670, 673 (D. Colo. 2002)("the party asserting the privilege must provide a privilege log that describes in detail the documents or information claimed to be privileged and the precise reasons the materials are subject to the privilege asserted"); *but see United States v. Philip Morris Inc.*, 347 F.3d 951, 954

10

(D.C. Cir. 2003)(holding that a party need not log the documents until the court rules on other objections).

Furthermore, "[g]enerally, information on an attorney's billing statement which shows the fee amount, the general nature of the services performed, and the case on which the services were performed is not privileged. However, billing statement entries which reflect the client's motive in seeking representation, litigation strategy, or the specific nature of services provided, such as researching particular areas of the law, are privileged." *Quinn v. Ingham (In re Gibco, Inc.),* 185 F.R.D. 296, 299 (D. Colo. 1999); *see also United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974); *Lee v. State Farm Mutual Automobile Ins. Co.*, 249 F.R.D. 662 684 (D. Colo. 2008)("In general, billing records are not accorded privileged status unless specific entries contain privileged communications.").

Notwithstanding such concerns, the Court already has denied Request No. 1 on other grounds. Therefore, the Court will not address the attorney-client privilege argument advanced by Citywide Banks in this decision.

4. <u>The Limited Settlement-Oriented Discovery Is Appropriate and Warranted</u>.

One of Citywide Banks' central objections to the Fee Application is the allegation that Allen & Vellone had little or no role in influencing, negotiating, or drafting the settlement agreement with Citywide Banks. Fee Objection ¶¶ 1, 3, 4 and 6. Citywide Banks asserts that Jeffrey Weinman and Tom Connolly (not Allen & Vellone) were responsible for the settlement agreement with Citywide Banks and related collateral dispositions. *Id.*

Request Nos. 2 and 3 seek to test the premise of Citywide Banks' Fee Objection by requesting copies of all communications between Citywide Banks (and their counsel) and Tom Connolly and Jeffrey Weinman "*relating to any discussions/negotiations of any settlement with Tollefson.*" Citywide Banks objects to Request Nos. 2 and 3 on just two grounds: (1) relevance; and (2) overbroad and unduly burdensome.[8]

The Court determines that Request Nos. 2 and 3 do ask for information that is relevant to the Fee Objection advanced by Citywide Banks (*i.e.,* work influencing, negotiating or drafting the settlement agreement with Citywide Banks). Such communications may be available from Allen & Vellone's co-counsel, Jeffrey Weinman. Also, Allen & Vellone itself may be well-positioned to present evidence of its own involvement, if any, in influencing, negotiating or drafting the settlement agreement with Citywide Banks. However, the possible availability of information from other sources does not negate relevance.

Citywide Banks' only other objection to Request Nos. 2 and 3 is that the discovery is "overbroad [and] unduly burdensome." However, Citywide Banks has not explained how Request Nos. 2 and 3 are overbroad. On their face, the discovery appears quite narrowly tailored

---

[8] In its Response, Citywide Banks also makes a passing reference to F.R.E. 408 and suggests that the communications may not be admissible under that Rule. Response at 5. This objection was not raised by Citywide Banks in its Discovery Objection and will not be considered by the Court. Facially, F.R.E. 408 appears inapplicable since it is directed to evidence to "either prove or disprove the validity or amount of a disputed claim." In any event, the Court determines that the communications sought in Request Nos. 2 and 3 are relevant. Questions of admissibility are more appropriately reserved for any evidentiary hearing on these issues.

11

to the "settlement with Tollefson." Citywide Bank also elected not to provide any support to show burdensomeness, such as an affidavit detailing the amount of time, effort and cost required to comply with Request Nos. 2 and 3. Again, the scope of the discovery appears narrow and likely would require no more than a simple search of correspondence and e-mails with Tom Connolly and Jeffrey Weinman over a discrete time period concerning the settlement.

In any event, it is Citywide Banks' burden to establish the propriety of its breadth and burdensomeness objection. "An objecting party cannot sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Klesch & Co., Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003); *see also E.E.O.C. v. Outback Steakhouse of Florida, Inc.*, 251 F.R.D. 603, 608 (D. Colo. 2008)(same); *Bottoms v. Liberty Life Assurance Co. of Boston*, 2011 WL 6181423 at * 7 (D. Colo. 2011).

The Court determines that the limited settlement-oriented discovery propounded by Allen & Vellone in Request Nos. 2 and 3 is appropriate and warranted.

### D. Order.

The Court ORDERS that the Motion to Compel is GRANTED IN PART and DENIED IN PART. The Motion to Compel is GRANTED with respect to Request Nos. 2 and 3. Citywide Banks shall produce documents responsive to Request Nos. 2 and 3 no later than June 1, 2015. The Motion to Compel is DENIED with respect to Request No. 1. Citywide Banks shall not be required to produce documents responsive to Request No. 1.

The Court has carefully considered the request by Allen & Vellone for attorneys' fees and costs under Fed. R. Civ. P. 37(a)(5)(A). The Court finds that discovery sanctions are not appropriate in this case since: (1) Allen & Vellone did not prevail on all of the discovery issues; (2) Citywide Banks' nondisclosure, response, or objection was substantially justified; and (3) the context of this dispute makes an award of fees and costs unjust and could potentially create another level of collateral litigation involving fees and costs beyond the pending Fee Application and Fee Objection. Therefore, such request is DENIED.

Having disposed of these discovery issues, the Court will reset an evidentiary hearing on the Fee Application and Fee Objection by separate Order.

DATED this 13th day of May, 2015.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara, Bankruptcy Judge

12